ALLEN, WEST & BUSH *v.* ROBERT E. BOBO.

MONEY PAID. *Evidence. Sufficiency. Consideration. Peremptory instruction.*

Where plaintiffs, by direction of the drawer, charged defendant with money paid on a draft, they cannot recover thereon in the absence of evidence that defendant authorized the charge, and a peremptory instruction in his favor was proper, although a witness testified that defendant promised plaintiffs to pay the money as soon as he was able, there being nothing to show a consideration for the promise.

FROM the circuit court of, second district, Coahoma county.
HON. JAMES H. NEVILLE, Judge.

Allen, West & Bush, appellants, were plaintiffs, and Bobo, appellee, was defendant in the court below. From a judgment in defendant's favor the plaintiffs appealed to the supreme court. The facts are stated in the opinion of the court.

*Rucks & Yerger,* for appellant.

"An unauthorized act by one assuming to be an agent for another may be ratified by the principal, and such ratification gives the act the same effect as if it were previously duly authorized. 1 Am. & Eng. Ency. Law, 429, and notes.

Plaintiffs show ratification or facts which would have authorized the jury in believing that the act had been ratified by two separate and distinct combinations of facts.

1st. By letters written to Bobo by plaintiffs.

2d. By his acknowledgment of the debt to J. M. Allen. It was admitted that Bobo received the letters referred to, and did not deny the debt or the authority of Wortham & Company to have the charge made to him, he would be liable, even though he had not originally authorized the act. These letters

gave him full knowledge of the manner in which the debt had been contracted, and if unauthorized, he should have so informed plaintiffs in a reasonable time, "though the agent is not actually authorized to perform the act, the principal's silence for a long time after his knowledge, amounts to a ratification." *Norie* v. *North Chicago C. R. Co.*, 32 Fed. Rep., 270. "An intention to ratify will be presumed from the silence of the principal, after knowledge of what had been done." *Field* v. *Farrington*, 77 U. S., 10 Wall, 141 (19 Law ed., 923); *Southern Life Ins. Co.* v. *McCain*, 96 U. S., 84 (24 Law ed., 653); Am. & Eng. Ency. Law, vol. 1, p. 429, and note; *Anding* v. *Levy*, 57 Miss., 51.

This being the case, if the evidence raised a presumption that the letters were received, or was sufficiently strong to authorize a jury to find that they were received, the case should have been submitted to a jury, and the peremptory instruction should not have been given.

The authorities are very clear that proof of the mailing of a letter raises a presumption of its receipt, or taking the mildest view, the jury was warranted from such proof in believing the letters were received. 13 Am. & Eng. Ency. Law, 262, sec. C and note. *Pennpacker* v. *Insurance Co.*, 8 L. R. A., 236; *Marstin* v. *Bigelow*, 5 L. R. A., 43.

Another state of facts from which the jury, had they been allowed to pass on the question, could have found a verdict in favor of the plaintiffs grows out of what plaintiffs contend was a ratification of the act of Wortham & Company and an acknowledgment of the debt by Mr. Bobo to Mr. J. M. Allen, the attorney for plaintiffs.

*J. W. Cutrer*, for appellee.

This suit was instituted in the year 1881, and dragged along until the year 1894, when an amended declaration was filed, which showed, for the first time, that the suit was upon the draft. Nowhere in the record does it appear that Bobo had

anything to do with the drawing of the draft, or that he had authorized the charge to be made to him.

The action of the court below in granting a peremptory instruction was correct. If Wortham & Company were acting as agents of appellee in that transaction, that fact cannot be proven by the statements made by Wortham & Company to appellants. It is elementary that declarations made by an agent cannot be proven to establish the fact of the agency itself. Meacham on Agency, sec. 100; *Railroad Co.* v. *Cocke*, 64 Miss., 713; *Kinnare* v. *Gregory*, 55 Miss., 612.

There being no testimony of any agency, there was, of course, no authority vested in appellants to make the charge to appellee, consequently, in this view of the case, the suit must fail.

When Bobo made the statement to John M. Allen, he was agreeing to answer for the debt of another. This was clearly within the statute. This promise to pay did not arise out of any new and original consideration or benefit or harm moving between appellants and appellee.

CALHOON, J., delivered the opinion of the court.

By agreement of counsel on file it is shown that the original declaration of appellants was filed in 1883. This was destroyed by fire in 1887, but a substitute for it was filed in 1890. It is to be noted that this is alone for " $700 for money advanced to and laid out and expended for the use of said defendant by said plaintiffs at his special instance and request," and that no bill of particulars appears. In 1892 appellants filed their amended declaration, the first count of which was for $700 " for goods, wares, and merchandise sold and delivered," etc., and the second count was for $700 upon an account stated. The bill of particulars is : " January 31st, 1881. Wortham & Co., $700." There is no reference to any draft in either of these declarations. On October 20, 1894, appellants filed an amendment to their amended declaration,

which in its first count was for $700 "for money and other
property laid out and expended upon a certain draft drawn by
Chas. L. Wortham & Co. in favor of J. J. Prince at the
special instance and request of the said defendant, and for his
use and benefit." The second count charges the execution of
the draft for $700 by Chas. L. Wortham & Co., at the in-
stance and request of defendant, Bobo, and that Wortham &
Co. telegraphed plaintiffs, with authority of Bobo, to pay it,
and charge to Bobo ; and that plaintiffs wrote him often at his
proper postoffice, requesting payment, and inclosing state-
ments of account ; and that afterwards · plaintiffs' agent saw
Bobo, and asked payment, and that he "did not deny owing
said sum, but admitted same," and promised payment "by
the shipment of cotton," but did not ship it, and so became
liable to pay, and promised to do so, etc. A copy of the draft
is filed as follows :

"$700.    Friar's Point, Miss., January 3d, 1881.    At
sight, pay to the order of J. J. Prince seven hundred dollars,
at ——, value received, and charge the same to account of
                                Chas. L. Wortham & Co.   .

"To Allen, West & Bush, New Orleans, La."

Indorsed :  "Alcorn, Wortham & Co."   "Pay Jones &
Prince, or order.    J. J. Prince."   "Pay J. T. Fargason &
Co.    Jones & Prince."   "J. T. Fargason & Co."

The defenses of Bobo are *nil debet*, *non assumpsit*, the three
years' and the six years' statutes of limitation, and payment on
full settlement with Wortham & Co.    The evidence on behalf
of plaintiffs—none being presented for defendant—shows that
the charge of this draft to Bobo is the only instance where his
name ever appeared on the books of Allen, West & Bush.    It
shows that when Wortham & Co. gave the draft they sent
Allen, West & Bush this telegram :    "Pay Prince draft.
Charge same to R. E. Bobo.    Also Fisher draft.    Do not
take up any other paper,"—and they paid and so charged it.
It shows that Allen, West & Bush never had any dealings with

Bobo, and had never had any communication from him ; but they did write him several letters, to none of which did they have answer, addressed to him at Friar's Point, which is not shown to have been his postoffice address.   It is nowhere shown that Wortham & Co. ever had any authority from him to have the draft charged to him.   All the evidence was taken more than twenty. years after the draft transaction.   It shows that no member of the firm of Allen, West & Bush was personally acquainted with Bobo.   An agent of the firm testifies that in the winter of 1881-'82 or 1882-'83 he saw Bobo, and he says :   "I was introduced to him, or introduced myself, and told him my business, and wanted to know when he would pay the claim.   . . . I do not know just what was said. I know he made no inquiry about the claim, but seemed to understand all about it.   He said crops had been bad, and he had gotten behind, but would pay it just as soon as he was able.   I think this was before suit was brought on the claim. I think it was probably a year later when he was sued, but I am not sure. about that.   This is about all I remember." Further on in his deposition he says :   "He said, in substance, that he would pay when he could, but what was said I could not undertake to say.   I know I was not very hopeful of a speedy payment of the claim after my talk with him."   On this plaintiffs rested, and the court gave to the jury a peremptory instruction to find for defendant, and we think this action was proper.   Wortham & Co. were liable as drawers of the draft.   Their letters and telegrams to appellants could not affect Bobo.   There is no evidence whatever that any one was by him authorized to order the draft charged to him, and we decline to hold him bound by the recollection of a witness, whose testimony was taken twenty years after the fact, that he orally promised to pay it "just as soon as he was able." There being shown no original consideration whatever moving to Bobo, and no authority from him to Wortham & Co. to direct the amount of the draft to be charged to him, we re-

gard as conclusive of this case, and so we need not consider the other points appearing in this record.

*Affirmed.*